United States District Court
Southern District of Texas
**ENTERED**
April 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ERNESTO JAVIER MARTINEZ, § | |
| § | |
| Petitioner; § | |
| § | CIVIL ACTION NO. 5:18-CV-68 |
| v. § | CRIMINAL ACTION NO. 5:13-CR-827 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ernesto Javier Martinez, *pro se*, filed the pending § 2255 Motion in which he requests a re-sentencing or, in the alternative, that his sentence be reduced to the 120-month statutory minimum. (Dkt. No. 1; Cr. Dkt. No. 62.)[1] The District Court has referred this matter to the undersigned United States Magistrate Judge. (Dkt. No. 4.) Upon review of the pleadings, filings, and the applicable law, and for the reasons stated herein, the Magistrate Judge respectfully submits this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that Petitioner's Motion be **DENIED** and that Petitioner's civil case be **DISMISSED WITH PREJUDICE**.

Petitioner pled guilty with a written plea agreement to importation of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(H). (Cr. Dkt. Minute Entry Dated September 20, 2013; Cr. Dkt. Nos. 31, 32, 46.) In his plea agreement, Petitioner waived his appellate rights and his right to contest his conviction or sentence by means of any post-conviction proceeding. (Cr. Dkt. No. 31 at 3.) Petitioner faced a guideline range of 262 to 327

---

[1] "Dkt." refers to the Civil Action No. 5:18-CV-68; "Cr. Dkt." refers to the Criminal Action No. 5:13-CR-827.

months of imprisonment. (Dkt. No. 35 at 6–7, 15.) At sentencing, Petitioner requested a minor role reduction pursuant to U.S.S.G. § 3B1.2. (Cr. Dkt. No. 60 at 19:9–22:25.) The District Court denied this request by stating that Petitioner did not play an average role in the criminal operation because his role was essential. (*Id.* at 19:9–22:25.) The District Court then sentenced Defendant on June 13, 2014 to 168 months of imprisonment. (*Id.* at 29:14–22; Cr. Dkt. No. 46.) Therefore, even though the District Court did not grant Petitioner's request for a minor role reduction, it still departed downward by *almost 100 months* from the Guideline Range of 262–327 months of imprisonment. After sentencing, Petitioner filed a Notice of Non-Appeal and never appealed his case. (Cr. Dkt. No. 45.)

Amendment 794 went into effect in 2015 after Defendant was sentenced. Sentencing Guidelines for United States Courts, 80 FR 25782-01 (May 5, 2015). Before the amendment, the commentary to § 3B1.2 provided that the mitigating role adjustment was available to any defendant whose level of participation made one less culpable than the average participant in the criminal activity. U.S.S.G. § 3B1.2 cmt. 3(A) (2014). Amendment 794 did not change the text of § 3B1.2, but it changed the commentary by adding a non-exhaustive list of factors and other language for consideration when deciding whether to apply § 3B1.2. Sentencing Guidelines for United States Courts, 80 FR 25782-01 (May 5, 2015); *see United States v. Gomez–Valle*, 828 F.3d 324, 329 (5th Cir. 2016).

Here, Petitioner filed a § 2255 motion requesting a re-sentencing under Amendment 794, but such a claim is not cognizable in a § 2255 motion. *United States v. Lincon*, 736 Fed. App'x 515, 515 (5th Cir. 2018) (per curiam); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."). In

certain circumstances, however, the district court may still reduce a sentence under an amendment to the Guidelines pursuant to 18 U.S.C. § 3582(c)(2). But § 3582(c)(2) only applies to retroactive guidelines amendments that are listed in U.S.S.G. § 1B1.10(d), and Amendment 794 is not listed in § 1B1.10(d). U.S.S.G. § 1B1.10(d); *see Lincon*, 736 Fed. App'x at 516. Accordingly, Petitioner's claim is not cognizable in a § 2255 motion.

For the foregoing reasons, the Magistrate Judge recommends that the District Court **DENY** Petitioner's § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 32) and that Petitioner's civil action be **DISMISSED WITH PREJUDICE**.

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636, the parties are granted fourteen days to submit written objections to the proposed findings and recommendations of a magistrate judge. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in a Report within fourteen (14) days after being served with a copy of the Report bars that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, bars the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections are filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass*, 79 F.3d at 1428-29.

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendation to Petitioner, Ernesto Javier Martinez, via certified mail, return receipt requested.

**SIGNED** this 18th day of April 2019.

Sam S. Sheldon
United States Magistrate Judge